**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| D. LISA BIGGS, | ) |
| | ) Civil Action No. 18-945 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Lenihan |
| | ) |
| SAM'S EAST, INC., | ) |
| | ) ECF No. 25 |
| Defendant. | ) |

**MEMORANDUM OPINION**

Presently before the Court is the Motion for Summary Judgment filed by Defendant Sam's East, Inc. ("Defendant"). For the reasons that follow, the motion will be granted.

FACTS

The following facts are taken from the parties' Concise Statements of Material Fact and Responses thereto at ECF Nos. 27, 31 & 35, and are undisputed unless otherwise indicated.

Plaintiff D. Lisa Biggs ("Plaintiff") files this civil action for injuries sustained on November 25, 2016 when she slipped and fell in the café area of the Sam's Club located in Monroeville, Pennsylvania. (ECF Nos. 27 & 31 ¶¶ 1 & 3.) Plaintiff and her sister sat down at one of the tables in the café area. (ECF Nos. 27 & 31 ¶ 4.) Plaintiff did not have any trouble walking from the entrance of the store to the table in the café, and did not notice anything about the flooring area around her as she made her way to the table. (ECF Nos. 27 & 31 ¶¶ 5 & 6.) Likewise, she did not have any trouble sitting down at the table in the café area. (ECF Nos. 27 & 31 ¶ 7.)

While sitting in the café area, Plaintiff saw an elderly lady at an adjacent table fall. (ECF Nos. 27 & 31 ¶ 8.) Plaintiff did not know the cause of the elderly lady's fall, and did not remember seeing anything on the floor around her seating area, and did not see anything on the

floor where the lady fell. (ECF Nos. 27 & 31 ¶¶ 9 & 10.) Upon seeing the elderly lady fall, Plaintiff got up from her seat, and as she was walking toward the elderly lady, Plaintiff fell. (ECF Nos. 27 & 31 ¶ 11.) She testified that she did not see the floor in front of her prior to her fall. (ECF Nos. 27 & 31 ¶ 12.) Plaintiff indicated that the floor was slippery and that after she was helped up off the floor, she noticed that her pant leg felt damp. She did not identify any foreign substance on the floor. (ECF Nos. 27 & 31 ¶¶ 13 & 14.)

A Customer Incident Report was completed by Plaintiff. It identified the floor as being "very slippery" but did not indicate that there was anything on the floor itself. (ECF Nos. 27 & 31 ¶ 16.) This report was also signed by Deborah Verbene, a member of Sam's Club Management, who was alerted to Plaintiff's fall by way of a "code white" over the "walkie talkie." (ECF Nos. 27 & 31 ¶¶ 17 & 18.) Verbene "keyed" a claim report into Sam's Claims Management System after the incident; the report contained information that she personally observed, and information that came from Plaintiff. (ECF Nos. 27 & 31 ¶ 21.)

The floor where Plaintiff fell was subjected to slip resistance testing by Andrew J. Rentschler, Ph.D. of ARCCA Incorporated on August 31, 2018. Dr. Rentschler opined, within a reasonable degree of biomechanical and scientific certainty, that the floor of the Sam's Club met the scientific criteria for a slip resistant floor and that a slip and fall incident would not be expected or likely under normal conditions (i.e. without the presence of a foreign substance). (ECF Nos. 27 & 31 ¶¶ 22 & 23.)

LEGAL STANDARD

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, the pleadings, documents, electronically stored information, depositions, answers to interrogatories and admissions on file, together with any affidavits or declarations, show "that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a) & (c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact; that is, the movant must show that the evidence of record is insufficient to carry the non-movant's burden of proof. *Id*. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial*" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis added by *Matsushita* Court). An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty-Lobby, Inc.*, 477 U.S. 242, 248 (1986). In *Anderson*, the United States Supreme Court noted the following:

> [A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. . . . [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Id.* at 249-50 (internal citations omitted).

ANALYSIS

In support of its Motion for Summary Judgment, Defendant argues the following: 1) Plaintiff has failed to establish the presence of a dangerous condition; and 2) Plaintiff has failed to establish that Defendant had notice of the alleged dangerous condition. In response, Plaintiff

argues that there is an issue of material fact as to whether a dangerous condition existed on Defendant's premises that caused Plaintiff to fall. Plaintiff further responds that there is an issue of material fact as to whether the dangerous condition existed for a length of time sufficient to impute constructive notice on the Defendant.

In her Complaint, Plaintiff alleges that there was a dangerous condition at the Monroeville Sam's Club—an "unnaturally slippery floor," and that Defendant knew or should have know of the dangerous condition and failed to warn or eliminate the hazard to its invitees. (ECF No. 1-1).

In this federal civil action premised on diversity jurisdiction, the Court must apply Pennsylvania state substantive law. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 474 (3d Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 825 (3d Cir. 1994)).

Under Pennsylvania law, in order to make out a claim for negligence, a plaintiff must demonstrate that the defendant owed a duty of care to plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage. *Reilly v. Tiergarten, Inc.*, 633 A.2d 208, 210 (Pa. Super. Ct. 1993) (citing *Orner v. Mallick*, 527 A.2d 521, 523 (Pa. 1987)).

Whether a defendant owes a duty of care to a plaintiff is a question of law. *Alderwoods (Pennsylvania), Inc. v. Duquesne Light Co.*, 52 A.3d 347, 352 (Pa. Super. Ct. 2012). "The duty owed to a business invitee is the highest duty owed to any entrant upon land. The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discoverable with reasonable care." *Campisi v. Acme Markets,*

*Inc.*, 915 A.2d 117, 119 (Pa. Super. Ct. 2006) (quoting *Emge v. Hagosky*, 712 A.2d 315, 317 (Pa. Super. Ct. 1998)).

Pennsylvania courts have relied upon the Restatement (Second) of Torts § 343 in determining the scope of the duty property owners owe to business invitees:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land, if but only if, he:
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343, *quoted in, Campisi*, 915 A.2d at 119.

"[T]he mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence." *Moultrey v. Great A&P Tea Co.*, 422 A.2d 593, 596 (Pa. Super. Ct. 1980) (citations omitted). Instead, the invitee must present evidence "which tends to prove either that the proprietor knew or in the exercise of reasonable care ought to have known, of the existence of the harm-causing condition." *Id.* Pennsylvania courts, in construing § 343, have uniformly held that if the dangerous condition is traceable to the proprietor or his agents, then the plaintiff need not prove notice in order to hold the proprietor liable. *Id.* (citations omitted). Where the evidence indicates that the dangerous condition is attributable to third persons, however, "the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition or that the condition existed for such a length of time

that in the exercise of reasonable care the owner should have known of it." *Id.* (citations omitted).

Here, no reasonable jury could conclude that Defendant breached a duty to Plaintiff. Plaintiff indicated that she did not see the flooring in front of her before she fell, and did not identify any foreign substance on the floor after she fell. She only noticed that her pant leg felt damp after she was helped up off the floor, and thereafter described the floor as being "very slippery." In support of its Motion for Summary Judgment, Defendant presents the report of its expert who opined that the floor at issue met the scientific criteria for a slip resistant floor and that a slip and fall incident would not be expected or likely without the presence of a foreign substance.

In response, Plaintiff relies on a Sam's Club surveillance video to support her argument that Defendant had notice of a foreign substance on the floor that was allowed to remain for an inordinate period of time in violation of the store's own monitoring protocols:

> Here, video surveillance footage from the day of the accident shows one of Defendant's employees sweeping and cleaning the hot food area at 7:33 p.m. A customer sitting at a table in the vicinity of where Plaintiff eventually fell *appears to possibly spill* a liquid at 7:40 p.m. and wipe up the liquid with his foot. At 7:54 p.m., Plaintiff arrived in the hot food area and sat down next to where the previous customer *appeared to spill* his drink. At 7:59 p.m., Plaintiff fell walking over to help the elderly woman who had fallen at the table near her. The assistant manager in charge of the hot food area testified that Defendant's staff members inspected the isle in the hot food area every fifteen minutes. Yet, none of Defendant's staff members inspected the isle in the hot food area where Plaintiff fell in the twenty-five minutes preceding her fall.

(Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, ECF No. 30 at 5) (internal citations omitted) (emphasis added by Court).

After repeated and careful study of the video, the above narrative as to what the video depicts is clearly Plaintiff's counsel's theory or speculation, rather than an objective narrative as to its contents. The video was taken from an appreciable distance from the hot food area and is grainy in quality. At times, the figures in the video are difficult to discern, including whether the persons moving about are male, female, adults or children.[1] The video contains absolutely no visual of someone spilling a drink. Similarly, the video is unclear as to whether someone is wiping the floor with his/her foot. That is, it is difficult to discern whether the legs/feet that appear to be swinging in the video are even touching the ground, or are simply swinging back and forth above the floor. In addition, it is unclear from the video as to whether or not Defendant's employees were "monitoring"[2] the hot food area. The Court may not consider counsel's theory/speculation as to what the video depicts pursuant to Federal Rule of Civil Procedure 56. Plaintiff's counsel's theory/speculation is not supported in the record by "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." *See* Fed. R. Civ. P. 56 (c)(A). Instead, Plaintiff's counsel's statements are only a guess as to what appears in the video.

Therefore, Plaintiff has failed to raise an issue of material fact that there was a dangerous condition in the hot food area of which Defendant had actual notice, or that the condition existed for such a length of time that Defendant should have known of it as required by Pennsylvania caselaw. *See Moultrey*, 422 A.2d at 596. Plaintiff only comes forward with evidence that her pant leg was damp after the fall. She comes forward with no evidence as to how the damp

---

[1] The Court attempted to enlarge the video image for a better view. Enlargement worsened the already grainy images and resulted in some pixelation.
[2] Plaintiff's argument suggests that "monitoring" includes the pushing of a broom or mop only, and not a visual inspection by Defendant's employees.

substance got on the floor (if in fact the dampness on her pant leg came from a damp substance on the floor). A jury may not be permitted to speculate "that it got there through the direct negligence of Defendant's employees." *See Hess v. Sun Ray Drug Co.*, 127 A.2d 699, 701 (Pa. 1956). And if the Court were to permit a jury to speculate that the damp substance was created by a customer, "there is nothing in the evidence as to how long it remained on the floor prior to the accident." *See id.* ("Here, if there were orange juice on the floor, there was nothing in the evidence to indicate whether it was spilled 10 seconds, 10 minutes or 10 hours before the accident."). *See also Lanni v. Pennsylvania R.R. Co.,* 88 A.2d 887, 889 (Pa. 1952) (finding of constructive notice impossible where no evidence existed to show how long oily spot was on floor; jury not permitted to speculate or guess; "conjecture, guess or suspicion do not amount to proof."); *Saldana v. Kmart Corp.*, 260 F.3d 228, 234 (3d Cir. 2001) ("[C]omplete absence of relevant evidence . . . on the critical question of how long the wax was on the floor, and the mere possibility that something occurred in a particular way is not enough, as a matter of law, for a jury to find it probably happened that way.").

Therefore, Plaintiff has failed to raise an issue of material fact that if there were a dangerous condition in the hot food area, Defendant had constructive notice of it. Defendant's Motion for Summary Judgment must be granted where Plaintiff has failed to come forward with record evidence to raise an issue of material fact that a dangerous condition existed of which Defendants knew or should have known in the exercise of reasonable care.

CONCLUSION

For the reasons discussed above, the Motion for Summary Judgment filed by Defendant Sam's East, Inc. will be granted.

An appropriate order will follow.

Dated: October 24, 2019

                BY THE COURT



                <u>s/Lisa Pupo Lenihan</u>
                LISA PUPO LENIHAN
                United States Magistrate Judge